UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONTICELLO VILLAGE COURT, INC., et al.,

                Plaintiffs,

          -against-

AKWA AZEEM BEY, *ex rel.* DESMOND OXFORD McDANIEL,

                Defendant.

23-CV-10855 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Defendant Akwa Azeem Bey, who is appearing *pro se*, filed a notice of removal to remove to this court an action pending in the Monticello Village Court concerning a traffic ticket. For the reasons set forth below, the Court remands this action to the Monticello Village Court.

## STANDARD OF REVIEW

      A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal, and may do so any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo*

*& Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Defendant Bey, who is also known as Desmond Oxford McDaniel, commenced this action by filing a document labeled "Legal Notice of Removal from Municipal Court to Federal Court pursuant to USC Title 18 U.S.C. § 241 & § 242 Proper Article III Jurisdiction." (ECF 1, at 1.)[1] Named as plaintiffs are the Monticello Village Court, Inc., Police Officer Mathew Rohner, and the People of the State of New York.[2] Bey has removed what appears to be a traffic ticket proceeding from the Monticello Village Court. He asserts that "[a]ll matters, complaints, traffic tickets/suits, citations/bills of exchange (misrepresented as lawful warrants, etc.), must be filed with federal court, pursuant to jurisdiction named hereinafter." (*Id.*)

The following information is taken from the notice of removal. On December 2, 2023, while traveling north on Forest Road, Bey was stopped by Police Officer Mathew Rohner of the Village of Monticello Police Department. Rohner issued Bey two traffic tickets and an appearance ticket. The appearance ticket directed Bey to appear in the Monticello Village Court on December 18, 2023, and stated that if he did not appear to answer the charges, a warrant for his arrest would be issued. Both traffic tickets and the appearance ticket are appended to the notice of removal.

---

[1] Bey writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[2] The Monticello Village Court and Police Officer Rohner are presumably not named as parties to the state court traffic proceeding. Bey should note that he cannot add new parties or assert new claims in a removal action. If Bey is seeking to assert civil rights claims arising from the traffic stop, he must bring a new action in which he asserts those claims.

Bey removes the traffic proceeding from the Monticello Village Court, asserting that Plaintiffs have conspired to violate his rights and lacked jurisdiction to issue the tickets or to impose any other sanctions against him. Bey also contends that the charges against him are "repugnant to the Constitution because they deny a right established and guaranteed in the 1st, 4th, 5th, 6th, 7th, 8th, 9th, and 10th Bill of Rights." (*Id*. at 3.)

## DISCUSSION

A defendant removing a criminal action to a federal district court is generally required to file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The criminal defendant must file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." § 1455(b)(3).

Furthermore, the removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Such removal jurisdiction is limited. A criminal prosecution may be removed to federal court where an action has been commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal prosecutions commenced in state court are also subject to removal if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). Because removal to federal court

deprives the state court of jurisdiction, "federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Sheets*, 313 U.S. at 109.

Here, Bey's removal is timely and he provides copies of the two traffic tickets and appearance ticket that were issued to him during the traffic stop in an attempt to comply with the procedural requirements for the removal. Even if the Court considers Bey in compliance with the procedural requirements for removal, his submission is devoid of facts suggesting that removal of his state court criminal proceeding is proper. Bey does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. Nor does he allege facts suggesting that he cannot enforce in the New York state courts a right to equality that is being denied him. Rather Bey appears to believe that issuance of the traffic and appearance tickets violated his rights, but he does not make any argument about the state court proceeding itself. Bey therefore has not demonstrated any statutory basis for removal of his the proceeding related to the traffic and appearance tickets.

For all of these reasons, the Court concludes that removal is not proper, and the action is remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

Because removal of this criminal action is improper, it is remanded under 28 U.S.C. § 1455(4) to the Monticello Village Court. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED

Dated:   January 16, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge