UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARAO ABEL PEREIRA,

                         Plaintiff,

            -against-

NYC DEPARTMENT OF EDUCATION, ET
AL.,

                         Defendants.

23-CV-10396 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated his rights. By order dated December 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

### BACKGROUND

Plaintiff's submission consists of a 26-page complaint, along with approximately 1,620

pages of attachments and exhibits. Named as Defendants are (1) the New York City Department

of Education; (2) the New York City Department of Homeless Services ("DHS"); (3) New York

City Health + Hospitals Corporation ("H+H"); (4) the United States Justice Department; (5) the

New York City Police Department ("NYPD"); (6) the "New York City Attorney General";

(7) the New York City Administration for Children Services ("ACS"); (8) the New York City

Housing Authority; (9) the New York City Human Resources Administration ("HRA"); and

(10) the United States Postal Services Administration ("USPS"). Plaintiff alleges that the events

giving rise to his claims occurred between September 2005 and November 2023, at "shelters,

schools, hospitals, public services bld. [and] courts." (ECF 1, at 7.)[1]

The following allegations are taken from the complaint. Plaintiff alleges, "My daughters

have been then multiple times sexually abused by schools's and day care teachers. No justice

done. Which left my daughters deeply traumatized psychologically. Left me suffering from

depression, [a]nxiety, post traumatic syndrome d[i]sorder." (*Id.*)

Plaintiff has

not received a standards of health and medical care which resulted in a breach to
more serious medical negligence and I aggrieved as patient permanently getting

_____

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard
capitalization when quoting from the complaint. All other spelling, grammar, and punctuation
are as in the original unless otherwise indicated.

> not all proffisional medical care in treatment of my health condition staff,
> medical personnels clearly demonstration actions of medical malpractice which it
> cause me injury, pain, psychological, moral, spiritual, and physical serious
> traumatic situation with chronical long life damages as I became suffering,
> diabetis, hypertension, glaucoma, cancer, [illegible], bluri vision, audio pathology,
> erectil impotent, intra-hospitalar fatal deadly bacteria infected.

(*Id.*)

Plaintiff alleges that, "[a]s a result of bad public services," he and his family have experienced "dwelling inappropri[ate] welfare" and he has developed multiple chronic medical conditions. (*Id.* at 8.)

Plaintiff's daughter was assaulted by an individual named "Ms. Denise," who appears to have been employed at the Williamsbridge Family Inn ("the Inn"), a shelter operated by DHS. (*See id.* at 15.) When Plaintiff and his two daughters moved to New York City, they were assigned a unit in the Inn. The Inn operated a Community Residential Resource Center, which provides services such as early childhood education and after-school programming for families residing in homeless shelters. (*Id.* at 19.) In 2007, Plaintiff's daughter was five years old and participated in early childhood education and childcare programs at the Inn. One day, Ms. Denise "isolated" Plaintiff's daughter and assaulted her by "[p]enetrat[ing] [Plaintiff's] daughter's [v]agine with an [o]bject." (*Id.*) Plaintiff alleges that such abuse "occurred several times" and that he reported it to the police. (*Id.*) After the incident, Plaintiff and his daughters left the Inn and "never [r]eturned." (*Id.*)

As a result of the incidents of abuse, Plaintiff's daughter suffered physical and emotional distress and she has incurred expenses for medical and psychological treatment, including therapy and counseling, and she has lost income and income earning capacity.

With respect to these allegations, Plaintiff enumerates causes of action for negligence and intentional infliction of emotional distress.

In addition to the allegations described above, Plaintiff includes documents that appear to be asserting additional claims. In one such set of documents, Plaintiff describes in detail medical care he received from various New York City-area hospitals, and he attempts to assert claims of "malpractice, negligence and medical misconduct of all previous health care providers that have been inside of [his] life." (*Id.* at 37; *see id.* at 36-39). Plaintiff also attempts to assert claims against the "US Justice System in the NYC," alleging that he won judgments in various state court actions, but that the defendants never made any payments to him and that the "New York City Justice System" did not help. (*Id.* at 40-41.) He also describes problems he has had with Yared Auto Body Service, ACS, the "New York City Attorney General," "New York City Housing Department," "Omar Diallo, Business," HRA , the USPS, and "[a]ggression on the [s]treet by 3 individuals." (*Id.* at 47.)

Plaintiff also attaches to the complaint voluminous medical records, school assessments of his children, and documents from state court actions.[2]

## DISCUSSION

### A.    Claims on Behalf of Plaintiff's Daughter

Plaintiff appears pimarily to be attempting to assert claims that his daughter was sexually abused when she was a minor. As a nonlawyer, however, Plaintiff can only represent his own interests; he may not assert claims on behalf of his daughter. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed

---

[2] Rule 5.2(a) of the Federal Rules of Civil Procedure restricts the use of a birth date in a complaint to the year of the individual's birth and may only identify a minor child by their initials. Because the complaint and the attachments include Plaintiff's daughter's full name and Plaintiff's full birth date and sensitive medical information, the Court has directed the Clerk of Court to limit viewing of those documents to case participants only. If Plaintiff files an amended complaint, he must comply with Rule 5.2(a).

as an attorney may not appear on another person's behalf in the other's cause." (internal

quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308

(2d Cir. 1991) (noting that Section 1654 "allow[s] two types of representation: 'that by an

attorney admitted to the practice of law by a governmental regulatory body, and that by a person

representing himself'"). [3] The Court therefore dismisses any claims Plaintiff may be bringing on

behalf of his daughter without prejudice to Plaintiff's daughter pursuing those claims on her own

behalf. If Plaintiff files an amended complaint, he may assert claims only on his own behalf; he

may not bring claims on behalf of his daughter or any other person.

### B.     Improper Joinder

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and

parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a

particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not

pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v.

City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation

that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as

defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation

omitted, alteration in original)). Rule 21 of the Federal Rules of Civil Procedure provides that

---

[3] It appears that Plaintiff's daughter is now an adult. Even if she was still a minor, Plaintiff would not be able to bring claims *pro se* on her behalf because a nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61.

"[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, Plaintiff has attempted to assert unrelated claims against multiple different defendants. For example, Plaintiff includes allegations related the sexual abuse of his daughter, medical care he received from various medical providers, claims against HRA related to public assistance benefits, and claims about the tracking of his mail by the USPS. The Court grants Plaintiff leave to file an amended complaint concerning one of the incidents he details in his current complaint and, if he wishes, additional separate complaints that comply with Rules 18 and 20 governing joinder and parties. If he wishes to pursue unrelated claims against multiple different defendants, he must bring those claims in separate actions.

## C.   Rule 8 of the Federal Rules of Civil Procedure

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

complaint suffice if it tenders naked assertions devoid of further factual
enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the Court must determine whether those facts

make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

While a complaint's statement of claim must contain sufficient factual detail, it should

not be "prolix" (*i.e.*, lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d

40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short

because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the

party who must respond to it because they are forced to select the relevant material from a mass

of verbiage'" (citation omitted)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding

that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of

unrelated and vituperative charges that defied comprehension"); *see also Annuity, Welfare &*

*Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc.*

*15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL

3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints

that are unnecessarily long-winded, unclear, or conclusory.")

If Plaintiff submits an amended complaint, it must comply with Rule 8's requirement that

it contain a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff should

avoid presenting unrelated or extraneous allegations and including voluminous attachments or

exhibits. Plaintiff is not required to submit evidence in support of his claims at this stage in the

litigation.

D.    **Subject Matter Jurisdiction**

If Plaintiff files an amended complaint, he must also allege facts demonstrating that the Court has subject matter jurisdiction of his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). If Plaintiff asserts claims under the Court's federal question jurisdiction in his amended complaint, he must allege facts demonstrating a federal cause of action.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff may be attempting to assert state law claims in the complaint. He does not demonstrate that the Court has diversity of citizenship

8

jurisdiction of those claims, however, because he alleges that both he and Defendants are citizens of New York. If Plaintiff seeks to assert state law claims under the Court's diversity of citizenship jurisdiction in the amended complaint, he must allege facts demonstrating that he and all defendants are citizens of different states and that his claims are worth in excess of the $75,000 jurisdictional threshold.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that amendment is futile, the Court grants Plaintiff 60 days' leave to amend his complaint to detail the claims he is asserting on his own behalf.

Plaintiff is granted leave to amend his complaint to provide more facts about only those claims he is asserting on his own behalf. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)   the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff should assert only claims on his own behalf and his amended complaint must comply with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure, as discussed above, and allege facts demonstrating that the Court has subject matter jurisdiction of his claims.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10396 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 16, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____        ____ Civ. _____ ( ____ )
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*        **AMENDED
COMPLAINT**

        -against-        Jury Trial:  ☐ Yes      ☐ No
                (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.**        **Parties in this complaint:**

A.        List your name, address and telephone number. If you are presently in custody, include your
identification number and the name and address of your current place of confinement. Do the same
for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

B.        List all defendants. You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual. Include the address where
each defendant may be served. Make sure that the defendant(s) listed below are identical to those
contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*        1

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

III.    **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____
_____

> What
> happened
> to you?

_____
_____
_____
_____

> Who did
> what?

_____
_____
_____

> Was anyone
> else
> involved?

_____
_____

> Who else
> saw what
> happened?

_____
_____
_____


IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address      _____

_____

_____

Telephone Number      _____

Fax Number *(if you have one)*      _____


<u>Note</u>:      All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _____

Inmate Number      _____